[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12171

_____

Agency No. A095-944-951

PAUL EDDY AMBROISE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 1, 2013)

Before MARTIN and ANDERSON, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

_____

*Honorable C. Roger Vinson, United States District Judge for the Northern District
of Florida, sitting by designation.

Paul Eddy Ambroise, a native of Haiti and citizen of Canada, seeks review of the Board of Immigration Appeal's ("BIA") final order of removal, which dismissed his appeal from the Immigration Judge's ("IJ") denial of his adjustment of status application.[1]

The IJ concluded that Ambroise could not adjust status under INA § 245(a), 8 U.S.C. § 1255(a) because he was inadmissible on two separate statutory grounds.[2]  Ambroise was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II)[3] because he had been convicted in Canada of drug trafficking and possession of drugs for the purpose of drug trafficking.  He was also inadmissible under § 1182 (a)(2)(C)(i)[4] based on the drug trafficking conviction.  The IJ also concluded that each of these two statutory grounds rendered Ambroise ineligible for adjustment of status.

In Ambroise's appeal to the BIA, he challenged the IJ's determination that he was inadmissible under § 1182(a)(2)(C)(i), arguing that the statutory provision

---

[1]    Ambroise had sought adjustment of status as a means of relief from removal.

[2]    In order to adjust status, an alien must be, inter alia, "admissible to the United States for permanent residence."  INA § 245(a)(2), 8 U.S.C. 1255(a)(2).

[3]    Section 1182(a)(2)(A)(i)(II) deems inadmissible "any alien convicted of … a violation of … any law or regulation of a State, the United States, or a foreign country relating to a controlled substance."

[4]    Section 1182 (a)(2)(C)(i) deems inadmissible "any alien who the consular officer or the Attorney General knows or has reason to believe … is or has been an illicit trafficker in any controlled substance."

was not meant to cover single-time, low-level offenders such as himself. Ambroise did not challenge the IJ's holding that he was inadmissible under § 1182(a)(2)(A)(i)(II).  The BIA affirmed the IJ's holding regarding § 1182(a)(2)(C)(i) and observed that Ambroise had not challenged the IJ's holding regarding § 1182(a)(2)(A)(i)(II).

Ambroise petitions this Court to review the BIA's order of final removal, again raising his challenge to the application of § 1182(a)(2)(C)(i) but again failing to challenge the application of § 1182(a)(2)(A)(i)(II).  Ambroise abandoned any challenge to the IJ's finding of inadmissibility under § 1182(a)(2)(A)(i)(II) before the BIA and this Court.  That ground is waived and stands as an independent ground for finding inadmissibility and denying his application for adjustment of status.[5]  See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").  Thus, even if we were to overturn the BIA's ruling on the § 1182(a)(2)(C)(i) ground, as Ambroise requests, he would still be subject to removal because of his inadmissibility under § 1182(a)(2)(A)(i)(II).[6]  We therefore

---

[5]    In its brief to this Court, the government argued Ambroise's petition should be dismissed on exhaustion and waiver grounds.  Ambroise did not respond to this argument.

[6]    Shortly after oral argument in this case, the Supreme Court decided Moncrieffe v. Holder, 569 U.S. __, No. 11-702, slip op. at 1-2 (Apr. 23, 2013), in which it addressed the scope of "illicit trafficking in a controlled substance" as an "aggravated felony" under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B).  Because we do not reach the merits of

decline to review the error asserted by Ambroise before this Court.[7]  See Steevenez

v. Gonzales, 476 F.3d 114, 117-118 (2d Cir. 2007) (denying petition for review

where petitioner failed to challenge dispositive ground for removal before the

BIA).

PETITION DENIED.

---

Ambroise's § 1182(a)(2)(C)(i) claim, any argument Ambroise could have raised based on Moncrieffe would not affect the outcome of his appeal.

[7]    Even if Ambroise had challenged the § 1182(a)(2)(A)(i)(II) ground before this Court, we would not have jurisdiction to review it because he did not exhaust his remedies regarding this issue by raising it before the BIA.  See 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if … the alien has exhausted all administrative remedies available to the alien as of right[.]"); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto.").